**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Robert Thomas

    v.                                    Civil No. 17-cv-571-PB

Robert Hazelwood, Warden, FCI Berlin


**REPORT AND RECOMMENDATION**


    Robert Thomas, an inmate at the Federal Correctional Institution in Berlin, New Hampshire, has filed a petition for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of his 2001 criminal conviction in the Northern District of Illinois.  See United States v. Thomas, No. 1:01-cr-00003-9 (N.D. Ill.) ("Criminal Case").  Thomas's petition is before this court for preliminary review, to determine whether it is facially valid and may proceed.  See 28 U.S.C. § 2243; Rules 1(b) and 4 of the Rules Governing Section 2254 Cases; LR 4.3(d)(4)(A).


**Background**

    A Northern District of Illinois jury convicted Thomas on July 10, 2001 of nine counts of possession of heroin with intent

to distribute.  See Criminal Case, ECF No. 133.  On September 14, 2001, Thomas was initially sentenced to a 360-month prison term.  See id., ECF No. 243.  That sentence was later reduced to 324 months.  See id., ECF No. 486.  On direct appeal, Thomas sought to set aside the district court's drug quantity calculations, but did not assert any other challenge to the validity of his conviction; his appeal was denied.  See United States v. Sowemimo, 335 F.3d 567, 573-74 (7th Cir. 2003).

Here, Thomas challenges his conviction and sentence on the basis that he was denied due process when he was forced to wear an orange prison jumpsuit, rather than civilian clothes, during jury selection.  Thomas argues that his appearance in prison clothes before the jury denied him the presumption of innocence to which he was then entitled.

On January 30, 2004, after his conviction had been affirmed by the Seventh Circuit, Thomas filed a motion under 28 U.S.C. § 2255 in the Northern District of Illinois, challenging his conviction and sentence.  In his § 2255 motion, Thomas raised, among other issues, the same due process challenge raised here concerning his appearance before the jury venire in prison clothing.  Thomas asserted in that § 2255 motion that he had not raised the claim in his direct appeal because appellate counsel

2

incorrectly advised Thomas that the claim would have to be raised in a § 2255 motion.  The court found that Thomas's due process claim was procedurally defaulted and that Thomas failed to meet his burden to demonstrate cause for, or prejudice resulting from, the default, as his assertions of ineffective assistance of appellate counsel were conclusory and not supported by extrinsic evidence.  See Mar. 10, 2004 Order, Criminal Case, ECF No. 7, at 2.  The court found that no fundamental miscarriage occurred from the denial of a merits review on Thomas's prison garb claim, and then dismissed the claim and declined to issue a certificate of appealability.  See id.  The Seventh Circuit also declined to issue a certificate of appealability on December 28, 2004.  See id., ECF No. 25.

Since 2004, Thomas has challenged the validity of his conviction and sentence numerous times in the Northern District of Illinois and in the Seventh Circuit, in filings identified by Thomas, or construed by courts, as § 2255 motions.[1]  A number of those efforts included the claims concerning prison clothing set forth in the petition before this court.

---

[1]On February 23, 2017, the Seventh Circuit issued an Order discussing the details and extent of Thomas's § 2255 litigation in the Northern District of Illinois and the Seventh Circuit. See Criminal Case, ECF No. 95.

3

## Discussion

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255. Section 2255(e)'s "savings clause" preserves only a limited role for this court to consider claims filed by a federal prisoner who was incarcerated within this district at the time he filed the § 2241 petition:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained ... unless it ... appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted) (emphasis added). A § 2241 petition is available through § 2255(e)'s savings clause only "in rare and exceptional circumstances," such as where the inability to bring a § 2255 motion would result in a "complete miscarriage of justice." Id. "Most courts have required a

4

credible allegation of actual innocence to access the savings clause." Id.

Nothing in Thomas's petition provides any basis for the court to find that § 2255 "is inadequate or ineffective" to test the validity of his conviction and sentence.  To the contrary, Thomas raised the issues presented here in a § 2255 motion in the sentencing court, and received a ruling on the claims.  The denial of Thomas's prison clothing claim in his original § 2255 motion based on procedural default does not render a § 2255 motion itself inadequate or ineffective.  See Zelaya v. Sec'y, Fla. Dep't of Corrs., 798 F.3d 1360, 1370 (11th Cir. 2015).

Thomas has not asserted a meritorious basis to find that § 2255 is an inadequate or ineffective means of evaluating his claims.  Further, Thomas's assertion of innocence is entirely conclusory and is not sufficient to demonstrate that the inability to assert his claim in this action would be a miscarriage of justice.  Accordingly, there is no savings clause jurisdiction over Thomas's claims, and the district judge should dismiss this petition for lack of subject matter jurisdiction, without prejudice to Thomas's ability to seek appropriate relief in a court of competent jurisdiction.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss this action in its entirety, for lack of subject matter jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


Andrea K. Johnstone
United States Magistrate Judge

May 7, 2018

cc:  Robert Thomas, pro se