UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Thomas

    v.                                            Civil No. 17-cv-571-PB
                                                    Opinion No. 2018 DNH 251
Robert Hazelwood, Warden, FCI Berlin

**O R D E R**

Petitioner, Robert Thomas, a federal prisoner presently incarcerated at the Federal Correctional Institution, in Berlin, New Hampshire, has filed three post-judgment motions (Doc. Nos. 9-11). In the first such motion (Doc. No. 9), which Thomas has identified as an "'Emergency Motion to Vacate' (and) Appoint Counsel," seeking relief under Rule 60(b)(2) of the Federal Rules of Civil Procedure, Thomas asks this court to vacate its May 15, 2018 Order (Doc. No. 6) ("May 15 Order") approving the magistrate judge's May 7, 2018 Report and Recommendation (Doc. No. 4) ("May 7 R&R") and dismissing this action. In the other two motions (Doc. Nos. 10, 11), Thomas seeks an evidentiary hearing and expedited ruling.

**Background**

Thomas filed this action in November 2017, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court dismissed Thomas's § 2241 petition (Doc. No. 1), without prejudice to Thomas's ability to assert his claims in a court of

competent jurisdiction, finding that this court lacked subject matter jurisdiction over the petition.

After judgment entered in this case, Thomas filed a motion (Doc. No. 8) asking the court to either allow him to amend his petition, or to vacate the May 7 R&R and May 15 Order. The court denied Thomas's motion, stating: "The motion to amend does not address the fact that [] the court lacks subject matter jurisdiction." May 22, 2018 Order.

In his instant motion, Thomas seeks to vacate the judgment in this case to enable him to assert new claims for relief from his conviction and sentence. Specifically, Thomas alleges that: 1) he is entitled to relief under a new rule of federal constitutional law established by the Supreme Court's recent decision in McCoy v. Louisiana, 138 S. Ct. 1500 (2018); and 2) the guilty plea underlying his present incarceration should be vacated because the federal Bureau of Prisons' wrongful calculation of his sentence constitutes a breach of his original plea agreement and thus violates Thomas's Fifth Amendment right to due process.

## Discussion

Thomas brings his motion under Rule 60(b)(2), which provides relief for litigants who present "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). Construed liberally, however, the motion is more appropriately characterized as

arising under Rule 60(b)(6), the rule's catch-all provision which allows courts to grant relief from a judgment for "any reason that justifies relief" not otherwise specified in Rule 60(b)(1)-(5).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  However, "[a] Rule 60(b) motion should be treated as a second or successive § 2255 motion 'if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McKinney, No. 18-3099, ___ F. App'x ___, 2018 U.S. App. LEXIS 22024, at *3, 2018 WL 3769223, at * 2 (10th Cir. Aug. 8, 2018) (citation omitted); see also Gonzalez, 545 U.S. at 532 (where "a Rule 60(b) motion advances one or more 'claims,' . . . seek[ing] to add a new ground for relief," it should be treated as an application for habeas relief).

Because Thomas seeks to add two new federal grounds for relief to this action, his motion seeks relief available, if at all, in a motion filed under 28 U.S.C. § 2255 in the Northern District of Illinois, where Thomas was convicted and sentenced. Thomas's motion for post-judgment relief (Doc. No. 9) is therefore denied.  The denial of Thomas's motion renders his requests for the appointment of counsel (Doc. No. 9), for an

3

evidentiary hearing (Doc. No. 10), and for an expedited ruling (Doc. No. 11), moot. Those motions are denied on that basis.

**Abusive Litigation Practices**

This case, and the instant motions, are the most recent of Thomas's numerous challenges to his 2001 conviction and sentence. Thomas has filed this action and Thomas v. Schult, No. 13-cv-259-LM (D.N.H.) ("Schult") in the District of New Hampshire, seeking relief from his conviction and sentence. Both actions were initiated as § 2241 petitions which were ultimately dismissed. In both cases, Thomas filed repetitive requests for reconsideration and/or to vacate the judgment of dismissal. In each instance, the court denied Thomas's request.

A review of PACER indicates that, in addition to his cases in this court, Thomas has filed repeated challenges to his conviction and sentence in the Northern District of Illinois, the Northern District of West Virginia, and in the First, Fourth, and Seventh Circuit Courts of Appeals. The Seventh Circuit has twice sanctioned Thomas in response to his repetitive and continued filing of frivolous challenges to his conviction and sentence, and Thomas remains subject to that Court's most recent sanction. See Thomas v. United States, No. 16-3064 (7th Cir. Feb. 23, 2017) (ECF No. 10) (Order discussing Thomas's litigation history, imposing $5000 fine, and barring

4

Thomas from filing any civil suit in the courts of the Seventh Circuit until fine is paid in full).

In both this case and in Schult, the court has explained to Thomas a number of times that this court is not the appropriate venue for Thomas to assert a new challenge to his conviction or sentence which is appropriately asserted under § 2255. His repetitive efforts to bring such claims in this court amount to frivolous and vexatious litigation. Thomas is warned that any further efforts to bring such claims in this court may result in the court imposing sanctions which may include, among other things, restrictions on Thomas's ability to bring litigation in this court in the future.

**Conclusion**

For the foregoing reasons, the court now directs as follows:

    1. Thomas's motion (Doc. No. 9) to vacate this court's Order dismissing his case is DENIED, without prejudice to his ability to seek relief in a court of appropriate jurisdiction.

    2. Thomas's motions for an evidentiary hearing (Doc. No. 10), and his motion to expedite (Doc. No. 11) are DENIED as moot.

5

3. Thomas is warned that any further efforts to challenge the validity of his conviction and sentence in this court may result in the court imposing sanctions.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

December 14, 2018

cc: Robert Thomas, pro se